**Martha McQUEEN, Plaintiff,**

v.

**MARSH SUPERMARKETS, INC., Defendant.**

**No. IP 94–378 C.**

United States District Court, S.D. Indiana, Indianapolis Division.

Oct. 25, 1994.

Roy D. Rogers, Haskin, Lauter & Cohen, Indianapolis, IN, for plaintiff.

David L. Swider, Gregory W. Guevara, Bose McKinney & Evans, Indianapolis, IN, for defendant.

### MEMORANDUM ENTRY

BARKER, Chief Judge.

This matter is before the Court on Defendant's motion to strike Plaintiff's Jury Trial Demand and paragraphs four (4) and five (5) of the prayer for relief set forth in Plaintiff's Complaint. For the reasons stated below, Defendant's motion is granted.

### I. BACKGROUND

Plaintiff, Martha McQueen, is an Hispanic female who began working for Defendant, Marsh Supermarkets, Inc., on March 3, 1986. Defendant employed her to work on various special projects as a project coordinator. On November 11, 1991, Defendant's President, Don Marsh, held a meeting with Plaintiff in

which he told the Plaintiff that he was terminating her employment.

After November 11, 1991, "[Plaintiff] was under the impression ... that she was no longer an employee of [the Defendant]." Plaintiff's Response to Defendant's Motion to Strike and to Deny Jury Trial Request at 1. However, at the November 11, 1991, meeting Plaintiff contends that "Mr. Marsh ... promised her that he would meet with her sometime in January, 1992, to discuss her employment situation with her further." Plaintiff's Reply to Defendant's Reply to Plaintiff's Response to Defendant's Motion to Strike and to Deny Jury Trial Request at 2. No such meeting ever took place.

Plaintiff received a severance package, the terms of which included staying on the payroll for one year and continuing the use of her company car for one year. At approximately the end of that year (on November 16, 1992), Defendant's Vice President of Human Resources, Bruce Bain, completed and signed a termination notice for Plaintiff. The termination notice identifies Plaintiff's last day of work as November 11, 1991, but was not actually completed until all of Plaintiff's severance payments had been made and she had been removed from the payroll.

## II. DISCUSSION

Plaintiff brings the instant case alleging that she was terminated because of her sex and national origin, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* Her Complaint includes a prayer for relief in the form of, *inter alia,* compensatory damages (¶ 4) and punitive damages (¶ 5), and a demand for a jury trial. Defendant contends that Plaintiff was terminated before the effective date of the Civil Rights Act of 1991 and, therefore, she is not entitled to a jury trial, punitive damages, or compensatory damages.[1]

Defendant has made the instant motion as one to strike, pursuant to Fed.R.Civ.P. 12(f) and 39(a). Rule 12(f) provides that "the court may order stricken from any pleading ... any redundant, immaterial, impertinent,

or scandalous matter." Rule 39(a) directs the court to disallow a jury demand where the "right of trial by jury ... does not exist under the Constitution or statutes of the United States."

■ Plaintiff concedes that she is not entitled to make a claim for the challenged relief and a jury trial unless the Civil Rights Act of 1991 applies to her claims. Plaintiff also concedes that her last day of work for Defendant was November 11, 1991, ten days before the effective date of the Civil Rights Act of 1991. However, Plaintiff contends that her claims are still entitled to the enhanced rights and remedies of the Civil Rights Act of 1991 for two reasons. First, Plaintiff argues that the termination notice dated November 16, 1992, operates to bring Plaintiff's claims within the effective date. Second, Plaintiff points to Mr. Marsh's alleged promise that he would discuss certain projects with Plaintiff in January, 1992.

■ With few exceptions, the provisions of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, do not apply retroactively. *Landgraf v. USI Film Products,* —— U.S. ——, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). Therefore, unless a cause of action arises after the effective date of the Civil Rights Act of 1991, November 21, 1991, the right to a jury trial and any damages beyond back pay and reinstatement do not apply. *See id.; Dey v. Colt Constr. & Dev. Co.,* 28 F.3d 1446, 1463 (7th Cir.1994). *Landgraf* has made November 21, 1991, a day of utmost importance for civil rights litigants. How crucial a date it has become is exemplified in the instant case.

When the Complaint in the instant case was filed, on February 15, 1994, *Landgraf* had not yet been decided. In the Complaint, the Plaintiff clearly identifies her termination date as November 11, 1991. No mention is made of her employment continuing through the period of her severance package. Likewise, no mention is made of any promise by Mr. Marsh to wait and discuss Plaintiff's projects in January, 1993.

---

1. The Plaintiff requests compensatory damages separate from and in addition to back pay and reinstatement.

A little more than two months after the instant Complaint was filed, *Landgraf* was decided. At that point it became indisputable that November 11, 1991, was fifteen days too early for the Civil Rights Act of 1991 to apply. When faced with Defendant's motion to strike in light of *Landgraf,* Plaintiff was forced to supply the Court with other facts which would bring Plaintiff's claims within the purview of the Civil Rights Act of 1991.

The essential issue for purposes of the instant motion is when the allegedly actionable discrimination took place, that is, at the original notice of termination or after the severance package had been completed. In analyzing this question it is helpful to consider when Plaintiff's claim arose for statute of limitations purposes. *Kuemmerlein v. Bd. of Educ. of Madison Metro. School Dist.,* 894 F.2d 257 (7th Cir.1990) provides direct guidance in this area. *Kuemmerlein* involves claims by teachers that they were discriminated against when their school district allegedly used race as a determinative factor in making layoff decisions. *Id.* The Seventh Circuit held that the teachers' civil rights cause of action began to accrue on the day that they received notice of the layoff decision, and not on the date of actual termination. *Id.* at 260.

*Kuemmerlein* stresses that the operative date is the one on which the discriminatory act takes place: "[we] focus on the discriminatory act, not the point at which the consequences of the act become painful." *Id.* The teachers in *Kuemmerlein* argued that at the point that they received their layoff notices they were not yet irrevocably terminated, and they pointed to the school district's practice of soon rehiring fifty-four percent (54%) of teachers given layoff notices. This did not change the Seventh Circuit's analysis:

> The plaintiffs' hopes of recall were not enough to prevent the start of the statute of limitations. No matter what the chance of recall, a plaintiff's cause of action for employment discrimination stemming from a layoff decision runs from the time of

notice, not from the time of actual termination.

*Id.*[2] Neither continuing pay and employment nor a chance of recall or re-employment operated to delay the date on which the teachers' causes of action arose. *Id.*

As soon as Plaintiff found out about an employment decision which she suspected had been made based on discriminatory criteria, the discriminatory act had taken place: "a discriminatory act occurs when a potential defendant makes a discriminatory employment decision." *Id.* (citing *Chardon v. Fernandez,* 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981), *reh'g denied,* 454 U.S. 1166, 102 S.Ct. 1042, 71 L.Ed.2d 322 (1982); *Delaware State College v. Ricks,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980)). In the instant case, the allegedly discriminatory act took place on November 11, 1991, before the effective date of the Civil Rights Act of 1991. Nothing about the possibility of a later meeting with Mr. Marsh, Plaintiff's severance package, or the termination notice in her personnel file change this. Therefore, Plaintiff is not entitled to the enhanced rights and remedies under the Civil Rights Act of 1991.

## III. CONCLUSION

For the reasons stated above, Defendant's motion to strike and deny jury trial request is GRANTED. It is hereby ORDERED that paragraphs three (3) and four (4) of the prayer for relief in Plaintiff's Complaint be stricken and Plaintiff's request for jury trial be rejected and likewise stricken.

It is so ORDERED.

---

2. The Seventh Circuit reasoned that a bright line is necessary to fulfill the purposes of statutes of limitations. *Kuemmerlein,* 894 F.2d at 260. Given the obstacles that district courts now face in determining which Civil Rights Act applies to claims, and managing the resolution of claims which span both the 1964 and 1991 Acts, a bright line is also necessary to carry out the Supreme Court's ruling against retroactivity of certain provisions of the Civil Rights Act of 1991.